UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 25-10117-RGS |
| PETER SCHIEPERS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

### REPORT IN LIEU OF INITIAL STATUS CONFERENCE
### PURSUANT TO LOCAL RULE 116.5(a)

May 16, 2025

Defendant is charged in an indictment with one count of Distribution of and Possession with Intent to Distribute Five Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846; one count of Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine and 1,4 Butanediol, in violation of 21 U.S.C. § 841(a); and, one count of Possession with Intent to Distribute 50 Grams or More of Methamphetamine and 3,4 Butanediol, in violation of 21 U.S.C. § 841(a). Defendant was arraigned by videoconference on April 8, 2025. I scheduled an initial status conference for May 20, 2025 in Worcester. However, prior to the conference, the counsel filed a joint memorandum that obviates the need for the conference. I cancel the conference and report as follows:

**Local Rule 116.5(a)(1) through (4)**

The United States produced automatic discovery on May 6, 2025. There are no pending discovery requests. The United States is redacting and will produce a redacted video. Defendants seek additional time to complete their review of discovery. No protective order has been sought.

**Local Rule 116.5(a)(5)**

Defendant is directed to report after review of discovery whether he will file pretrial motions pursuant to Fed. R. Crim. P. 12(b).

**Local Rule 116.5(a)(6)**

The parties propose that the Government's expert disclosures, if any, shall be due twenty-one (21) days before trial and Defendants' expert disclosures, if any, shall be due fourteen (14) days before trial.  I adopt that proposal.

**Local Rule 116.5(a)(7)**

The Court has excluded the period from April 8, 2025 (the date of Defendant's arraignment), through May 20, 2025 (the date of the Initial Status Conference).  The parties agree that the period from May 20, 2025, through the Interim Status Conference that I have set, at the request of the parties, for July 15, 2025 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).  I will allow that request and enter a separate written order.  It appears that four days (from the April 3, 2025 filing of the indictment to the arraignment) are chargeable against the statutory speedy trial clock.  See Order of Excludable Delay entered on this date.

**Local Rule 116.5(a)(8)**

An Interim Status Conference will take place in this case on Tuesday July 15, 2025, at 9:30 a.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts.  If the parties file a joint memorandum that addresses Local Rule 116.5(b) which

obviates the need for the status conference, the Court will waive the status conference.  Otherwise, Counsel shall appear by telephone and shall provide my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference a landline telephone number at which counsel can be reached.

/ s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge